# United States District Court

## APPLICATION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

Name _Kevin McCray_
Prison number _#3183799_
Place of confinement _Monmouth County Correctional Institution_
United States District Court _____ District of _New Jersey_
Case No. _04-00439(JAP)_    (To be supplied by Clerk of U.S. District Court)

_Kevin McCray_,
PETITIONER (Full name)

v.

_State of Delaware_,
RESPONDENT (Name of Warden, Superintendent, Jailer, or authorized person having custody of petitioner)

**And**

The Attorney General of the State of New Jersey,
ADDITIONAL RESPONDENT

(If petitioner is attacking a judgment, which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment, which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court, which entered the judgment.)

## PETITION

1. Name and location of court which entered the judgment of conviction under attack _State of Delaware Supreme Court_

2. Date of judgment of conviction _December 5, 2003_
3. Length of sentence _36 years (W-26 years)=probation to follow_
4. Nature of offense involved (all counts) _Robberies in 2002_

5. What was your plea? (Check one)
   (a) Not guilty [ ]
   (b) Guilty [X]
   (c) Nolo contendere [ ]

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury [ ]
   (b) Judge only [ ]
7. Did you testify at the trial? Yes [ ] No [x]
8. Did you appeal from the judgment of conviction? Yes [x] No [ ]
9. If you did appeal, answer the following:
   (a) Name of court __State of Delaware (motion to compel)__
   (b) Result __dismissed without prejudice__
   (c) Date of result __2006__
10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes [ ] No [ ]
11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of court __No__
        (2) Nature of proceeding __No__

        (3) Grounds raised __No__


        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes [ ] No [ ]
        (5) Result __No__
        (6) Date of result __No__
    (b) As to any second petition, application or motion give the same information:
        (1) Name of court __No__
        (2) Nature of proceeding __No__

        (3) Grounds raised __No__


        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes [ ] No [ ]
        (5) Result __No__
        (6) Date of result __No__
    (c) As to any third petition, application or motion give the same information:
        (1) Name of court __No__
        (2) Nature of proceeding __No__

        (3) Grounds raised __No__

        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes [ ] No [X]
        (5) Result _____
        (6) Date of result _____

(d)   Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
        (1) First petition, etc.         Yes [ ] No [X]
        (2) Second petition, etc.       Yes [ ] No [X]
        (3) Third petition, etc.        Yes [ ] No [X]

(e)   If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: <u>was told by public defender, Robert M. Goff, "that I could not file an appeal".</u>

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting it.

    **Caution:** In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

    **For your information**: the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds, which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    **Do not check any of these listed grounds.** If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)   Conviction obtained by plea of guilty, which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b)   Conviction obtained by use of coerced confession.
(c)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)   Conviction obtained by use of evidence obtained pursuant an unlawful arrest.
(e)   Conviction obtained by a violation of the privilege against self-incrimination.
(f)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)   Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)  Denial of effective assistance of counsel.
(j)  Denial of right of appeal. (Conviction obtained by plea of guilty, which was

A.  Ground one: unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences.

Supporting FACTS (tell your story briefly without citing cases or law): My plea agreement stated on it a question; had I been admitted into aa mental hospital before? I answered yes. I made affirmative assertion that I was mentally disabled. This was dismissed by council, prosecuter and judge.

B.  Ground two: Inefective Assistance of Council

Supporting FACTS (tell your story briefly without citing cases or law): 1. P.S.I. defective, false charges and convictions during time I was already incarcerated.
2. Never saw P.S.I. personally, requested, by fax, four(4) times by case unit manager Griffin from Butner Medical Facility 'North Carolina', sent inquiry to Stephen Napier. Practitionary Office.

C.  Ground three: Speedy trial act was not honored.

Supporting FACTS (tell your story briefly without citing cases or law): 1. Defendant Kevin McCray was not indicted within 30 days.

2. Defendant McCray was not taken to trial within 70 days.

D.  Ground four: _____

Supporting FACTS (tell your story briefly without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____
My public defender, Robert Goff, said I could not submit any motions.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes [ ] No [X]

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing Robert M. Goff, Asst. Public Defender Elbert N. Carvel State Office Building, 820 N. French St. 3rd. Floor pP.O. Box 8911 Wilmington, DE. 19801.

    (b)    At arraignment and plea  Robert Goff

    (c)    At trial  No trial

    (d)    At sentencing  Robert Goff

    (e)    On appeal  N/A

    (f)    In any post-conviction proceeding  N/A

    (g)    On appeal from any adverse ruling in a post-conviction proceeding

              N/A

16.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes [X] No [ ]  IN. 02-09-1638

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes [ ] No [X]  IN. 02-09-2453
                          IN. 02-09-2456

    (a)    If so, give name and location of court which imposed sentence to be served in the future: _____

    (b)    And give date and length of sentence to be served in the future: _____

Have you filed, or do you contemplate filing, any petition attacking the judgment, which imposed the sentence to be served in the future? Yes [X] No [ ]

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on  March 20, 2007
                                (Date)

                                          *Kevin McCray*
                                        Signature of Petitioner

1. Expert witness who is called to testify concerning defendant's susceptibility to indictment. However, expert mat testify that defendant's mental disease, defect, or subnormal intelligence made him more susceptible than usual to persuasion.

    Fed Rules Evidence Rule 704(b) 28 USCA

2. Insanity Defense Reform Act does not preclude expert testimony on susceptibility to indictment.

    18 USCA 17(a)

    U.S. v. Newman

3. The conviction of a defendant who is legally incompetent violates the defendant's Right to Due Process of Law [USCA Const. Amend. 14]

4. A courts failure to make proper competency inquiry where there is substantial evidence of a defendant's in competency violates due process by depriving the defendant of his right to a fair trial.

    [USCA 14]

5. Evidence of a defendant's irritation behavior, his demeanor at trial, and any medical opinion on competence to stand trial are all relevant in determining whether due process clause requires further inquiry into his competency.

6. Determination by state trial court that there was no convincing evidence to suggest incompetence on part of defendant, as would render conviction of defendant *volatile* of due process, is a factual finding entitled to a presumption of correctness for purposes of Federal *Habeas Corpus Review*.

    USCA Const. Amend. 14;28 USCA {2254(d)}

7. Question in petition for habeas corpus which is based on alleged violation of due process clause arising from failure of trial judge to conduct hearing to determine defendant's competency to stand trial is whether a reasonable judge, situated as was the trial judge, whose failure to conduct an evidentiary hearing is being reviewed should have experienced doubt with respect to competency to stand trial.

    USCA Const. Amend. 14;28 USCA {2254}

8. A criminal defendant's Right to Due Process also includes the right to an examination by a competent psychiatrist when sanity is likely to be a significant factor.

    [Ake v. Oklahoma. 470 US 68,83,105   S.ct. 1087]

9. The Supreme Court announced the test for evaluating a defendant's competency to stand trial; It is not enough for the district judge to find that the defendant is oriented to time and place and has some recollection of events but that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. And whether he has a rational as well as a factual understanding.

    [Pate v. Robinson 383 U.S. 375, 378  86   S.ct. 836, 15 Led 2d 815]

Additionally, a courts failure to make a proper competency inquiry where there is substantial evidence of defendant's incompetence violates due process by depriving the defendant of his right to a fair trial.

    [Robinson, 383 US at 385-86   S.ct. 836]

"that the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial.

    Pate v. Robinson

10. "Once a reasonable doubt arises as to the competence of a person to stand trial, the issue must be decided on the basis of a hearing".

11. Although the Supreme Court has never "prescribed a general standard with respect to the nature or quantum of evidence necessary to require resort to an adequate procedure" for determining competency, the court has explained that "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but even one of these factors standing alone may, in some circumstances, be sufficient."
    [Drope, 420 US at 172,180,98 S.Ct. 896]

The court assumes that competency is factual finding, but nevertheless argues that the case fits within two of 2254(d)'s exceptions.
   A. 2254(d)(6) applies because he "did not receive a full fair and adequate hearing in the State Court proceeding.
   B. 2254(d)(6) applies because no evidentiary hearing on the Competency was held.
   -the material facts were not adequately developed at the State Court Hearing pursuant to the exception contained inn 2254(d) (3)

12. In Ake v. Oklahoma 470 US 68,83,105 S.Ct. 1087,84 Led.2d: The Supreme Court held that *due process clause* of the 14th Amendment obligates states to provide an indigent defendant with access to psychiatric examination and assistance when the defendant has made a *preliminary* showing that his sanity at the time of the offense is likely to be a significant factor at trial. The court explained that once this preliminary showing is made the states must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation and presentation to defense.

13. The Delaware trial judge was required to weigh against aggravating circumstances "the history, character, and background of the offender and an *accurate* P.S.I. Report". The judge was also required to consider whether "because of mental disease or defect, the offender lacked substantial capacity to appreciate the criminality of his conduct, sentencing phase of petitioners was fundamentally unfair."

14. Ineffective Assistance of Council
    1. Trial council failed to properly investigate and introduce mitigating evidence during the penalty phase.
    2. Council failed to obtain proper expert testimony in time to present "mental disease or defect".
    [On plea agreement, petitioner noticed all parties to his mental disease and mental heath care hospital admissions]...

"Statement of Facts"

When I was incarcerated at Gander Hill, I kept trying to get in touch with my attorney, Mr. Robert M. Goff. The only time I would ever see him is when they would call me over to the court room. I would see him for approx. 15-20 minutes, and that would be it. Mr. Goff asked me about a robbery charge that occurred in Boston, MA. That he got from the NCIC. Report, under the name Jerry Hunter, AKA: Kevin McCray. I told him I did not know what he was talking about, and he just smiled in my face and said, "It really doesn't matter." Mr. Goff had some papers in his hands but never showed me what they were.

Mr. Goff had left and then came back to me with a plea agreement and told me that "they" were giving me thirteen (13) years with a mandatory minimum of four (4) years to serve. I told Mr. Goff that I couldn't read, and that he would have to read it to me. He asked me on the plea agreement, "Were you ever in a mental hospital"? My response to him was yes, that I had been. He then said "It's alright. A lot of people have been in mental hospitals".

Mr. Goff then left me alone and went back into the courtroom. During my appearance in the courtroom, I explained to the judge that I was usually high on drugs, the greater part of time. Then the judge was talking, although I could not understand what he was saying...The judge then said what my sentence was, but I still could not understand it. I had to ask the lawyer later on, "What did he sentence me to?" Mr. Goff said that the judge gave me twenty-six (26) years and I said, "I wasn't supposed to get that, you told me thirteen years (13)." Mr. Goff then told me with a smile on his face, "This is not the State of New Jersey, this is the state of Delaware and we run things differently down here!" I went back to Gander Hill and one or two weeks later, the U.S. Marshals came and got me and I have not been back since.

I have tried to get in touch with Mr. Goff numerous times while I was in Federal Custody. From Hudson County Jail I sent Mr. Goff letters through the law library clerk and they logged item the books, but he never responded back to them. I also sent him letters from Passaic County Jail; he never answered them as well.

When I came to F.M.C. at Butner, N.C., my case manager, Mr. Griffin, faxed a notarized freedom of information act request form to Stephen Napier of the Practionary Office, Superior Court, 500 North King Street, Wilmington, DE. It was in reference of my P.S.I. report. A secretary spoke to Mr. Griffin on the phone and told him to hold on because the supervisor had to give authorization to him because they could not release it to an inmate. However, it was told to them that the inmate would not receive the report, that Mr. Griffin would have the report in his files; and to this day, the report had not been sent to the Federal Medical Center PO Box 1600, Butner, NC 27509.

My present Federal Attorney, Mr. David B. Glazer, Esquire, PO Box 2025, Livingston, NJ 07039. He asked my Delaware attorney, Mr. Robert M. Goff, to send him all of my court documents, and when they were received in New Jersey. There was no pre-sentencing Investigation (P.S.I.) report in it. so Mr. Glazer wrote to him again for the (P.S.I.) report, the attorney Mr. Goff never answered him on that issue. It is now 2007 and no one has ever seen the report...furthermore Mr. Goff my PD from the on set of my State case,

I never told him to file any documents in my behalf, with the exception of one document and that was to file an appeal for me...Anything else I do not know about, up to this day, I do not know if he ever filed that appeal for me.

Shirley Lee, 355 Thomas Blvd Apt 6-K, Orange, NJ 07050 kept calling him asking him to file that appeal for me.

In my letter to him, I requested him to file the appeal as well, but they were never answered by him.

Kevin McCray
3/15/07

DOREEN T. MARTY
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 10/24/2010

Doreen T. Marty
3/15/07

15. The Claimant must show that Counsels performance made errors so serious that Counsels was not functioning as Counsel guaranteed the defendant by the 6th Amendment.
   [Strickland 466 U.S. at 687, 104 S.Ct. 2052]

We must determine whether the result of the proceeding is unreliable "because of a breakdown in the adversarial process that our system counts on to produce just results."
   [id at 695, 104 S.Ct. 2052]

"Lawyer has a duty to investigate "the circumstances of [the client's] case and to explore all avenues relevant to the merits of the case and the penalty in the vent of conviction."
   [ABA Standards for Criminal Justice Standard 4-U.1]

In light of these universally recognized principles, this Court had taken great pains to insure that defendants do not suffer at the hands of defense counsel who fail to make proper investigation for penalty phase.
   -finding ineffective assistance of Counsel where Counsel failed to investigate petitioner's family, Social or psychological background.

16. "Holding that failure to investigate for the Sentencing phase is "certainly indicative of a seriously deficient performance.
   [Austin v. Bell, 126, F.2d 843, 848]

United States Supreme Court confirmed that a defendant's indigency cannot constitutionally result in a lesser Standard of justice then that according to defendants of greater financial means.

14th Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of poverty, a

defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake.

[Ake v. Oklohoma 470 USS 68, 105 S.Ct. 1087, 84 L.Ed 2d 53]

17. Truth in sentencing Guilty Plea Form, was not given any consideration as Defendant McCray's advising his attorney Mr. Goff that he had an extensive Mental Health History including hospitalizations and periods of incompetency.

18. The Superior Court, prior to entering Judgment of conviction against Kevin McCray, and after being informed of Mr. McCray's mental history, did not inquire about Mr. McCray's conditions at that time, or whether or not K. McCray was competent to enter guilty plea.

19. It was not until Judge Pisano Aug. 2005 1. # 04-493 (JAP) for the federal case US v. McCray, AKA: Raheem. Based upon the examination report prepared by Richard G. Dudley that the defendant may suffer from a mental disease or defect along with a competency report prepared by William J. Ryan, PhD., concluding that the defendant is not competent to stand trial, and the testimony of William J. Ryan at the competency hearing held on July 25, 2005, and for Good Cause Shown.

20. It was ordered on 08/21/2005, that the defendant be committed to the custody of the Attorney General to hospitalize the defendant for treatment, pursuant to Title 18 USC. Sect. 4241(d) to determine whether there is a reasonable (substantial) probability that in the foreseeable future he will attain the capacity to permit trial to proceed.

21. In 2007, Judge Pisano after being made aware of the results of further examination by Dudley and Ryan, concluded that forced medication was not an option. He would entertain and that Mr. McCray's inability to comprehend the gravity of the proceedings against him, has been

presumably from childhood until present, is impossible for him to determine or understand at an adult level due to these psychiatric problems.

22. Mr. Goff's ineffective assistance of counsel should be removed with respect to Mr. McCray's informing his attorney that he was "hearing voices", and that he was ill, which perhaps he was having a mental relapse of previous mental illness, in which counsel failed, and or, neglected to investigate or inquire.

23. After Mr. McCray informed counsel of his history of mental illness; Mr. McCray's competency should have been examined whether he was indeed competent to stand trial or plea bargain in criminal charges presented.
To adjudge and convict Mr. McCray while presumed incompetent is in direct violation of his 5th, 6th, and 14th amendment rights (Kate v. Robinson 383 U.S. 395 (1966) & Dusky v. U.S. 362 U.S. 402 (1960).

Conclusion

24. Forensic evaluation pertinent to that case suggests that movant was not competent and his conviction points to ineffective assistance of counsel. Misrepresenting the sentencing, and or ignorance to the sentencing guidelines to an offense represent Ineffective Assistance of Counsel.

25. Never counseling Mr. McCray with respect to his PSI Report which is a pre-requisite of sentencing colloquy, because there was never a PSI report to be presented.

26. Neither the trial court, not the defense counsel took any steps to inquire about Mr. McCray's mental condition once doubt was evident.

       First by his attorney's failure to advise and inform the trial court about Mr. McCray's mental illness after being advised by Mr. McCray directly. Secondly by the trial court failing to Sua Sponte hold a competency hearing as to him to determine whether or not Mr. McCray was competent to proceed after being so informed along with the Truth-in-Sentencing Guilty Plea Form.

27. The fundamental breakdown between defense counsel's representation of defendant and the trial court's arguably deliberate indifference of the defendant's mental illness, thus has no jurisdiction over the defendant Mr. McCray, and amounts to a miscarriage of justice, namely, the conviction of an individual while he is incompetent.
Conversely, the trial court had an obligation to stop the proceedings and inquire about Mr. McCray's mental illness once his information became known.

28. The counsel's failure to do so where the violation occurred, similarly, the defense counsel had a legal duty to advise and inform the trial courts of Mr. McCray's mental illness.

29. Failure of counsel to do so amounts to ineffective assistance of counsel. These collective errors lead to Mr. McCray's conviction while he was incompetent, and this conviction cannot stand.

30. Had the trial court conducted the proper inquiry, the trial court would have been informed that Mr. McCray was incompetent.

31. As should be noted in the Federal matter astutely presided by the Honorable Judge Joel A. Pisano.

32. Speedy Trial Act Violation (STA), 1974

    Defendant Kevin McCray was not indicted within 30 days.

33. Defendant Kevin McCray was not taken to trial in 70 days.

34. Defendant Kevin McCray, respectfully requests that his guilty plea be withdrawn, the sentence and convictions set aside and whatever is just and proper.

Wherefore, the defendant prays for an order consistent with the above.

Respectfully Submitted,

*Kevin McCray*

Kevin McCray

Dated: March 13, 2007

Prepared by: Neil Holloway

07-8019
tmk

tmk

# TABLE OF CONTENTS



Home Address: Kevin McCray  30 Boylan St. Newark, NJ. 07106

P.O. Box 1955 Newark, NJ. 07101

Presently Incarcerated: Kevin McCray-Identification #3183799

Monmouth County Correctional Institution. (M.C.C.I.)

1 Water Works Rd.  Freehold, NJ. 07728.

1. 2254- Copied- 3 copies
2. 3 Copies of Statements of Facts
3. 3 Copies of Memorandum of Law

FILED
APR - 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

07-191

PREpared by: Neil Hollaway

07-191

# PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

## Instructions--Read Carefully

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts, which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5, your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in Forma Pauperis, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in Forma Pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $50.00, you must pay the filing fee as required by the rule of the district court.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is _____
    _____601 Market St., Philadelphia, Pa. 19106_____

(8) Petitions, which do not conform, to these instructions will be returned with a notation as to the deficiency.

Habeas Corpus 28 USCA 2254                        1