IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF DELAWARE

MOTION FOR RELEASE PENDING   07-191
HABEAS CORPUS (2254) BAIL AND BRIEF

INTRODUCTION

The petitioner, KEVIN MCCRAY, move the court for an Order of Release Pending Habeas Corpus pursuant to 18 U.S.C. §§3142(b).
The Habeas Corpus in this case is not taken for the purposes of delay and the habeas corpus raises substantial questions of law or fact likely to result in reversal or a new trial. KEVIN MCCRAY does not pose a danger to any other person or the community and he is not likely to flee.
In support of this motion, KEVIN MCCRAY presents the following.

1.) KEVIN MCCRAY, lived at 30.Boylan St – Newark, N.J. 07106 Family Phone number (973-230-1348)
2.) Family ties Ms. Catherine Grayer (Mother) (Older Sister) Montie McCray King
3.) Employment, Home Improvement, Co. Flint McCray, 41.Argyle Terr. – Irvington, N.J. 07111 Phone number (973-374-4184)
4.) Good Health * Healthy enough to work

FILED
DEC -5 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

KEVIN MCCRAY, was arrested on August 28, 2002. July, 2003 plead guilty: 2 cts 1st Degree Robbery and Sentenced to 28 years.

1. He did not have violent felonies in the state of Massachusetts.
2. He has been adjudged unfit mentally.
3. On his truth in lending form he stated he was in a mental hospital.

18 § 3142(b)

Bail to assure, that all persons, regardless of their financial status conditions shall not needlessly be detained pending their appearances to answer charges, to testify or pending habeas corpus, when detention serves neither the ends of Justice nor the public interest.

(Combinations of Restrictions Available)

A.) - Collection of DNA sample authorized pursuant to sections of DNA Backlog Elimination Act of 2000 (42 U.S.C. 14135a)
B.) - Least restrictive condition or combinations.
C.) - Remain in the custody of designated person, who agrees to be custodian 3rd party.
D.) - Maintain or commence an educational program.
E.) - Seek employment.
F.) - Report regularly to pretrial service agency.

2

    G.)    - Refrain from drugs and alcohol.
    H.)    - Continue seeking psychological and medical help from licensed Dr.

Due to Mr. McCrays mental state during the State of Delaware Prosecution they had no Jurisdiction.
1. One of the reasons bearing on decisions to release on Bail or detain is less information about defendant before the court.
2. Confinement record, he has no disciplinary issues or infractions in all the years of confinement to date, he has been working on his rehabilitation, through his commitment to God, he is currently on Christian Bible Study lists for intensive understanding of the word of God and its positive effect on the life and purpose of the individual that truly embraces its meaning such as Mr. McCray.

It will take at least 90 days for the government to secure transcripts from the date of the courts order to do so.
In light of these facts – it would be in the interest of Mr. McCray to be able to stay with his ailing mother of cancer, on house arrest or some combination of conditions that will assure his availability at his hearing.

The opinions cited by the senate report resolve "Interpretative uncertainty" by exclusion. The report cites a statement that detention is necessary for only a small but identifiable group of particularly dangerous defendants.

No defendant may be detained by reason of dangerousness unless after a hearing the court finds that no condition or combination of conditions of release can assure reasonably the safety of the community.

Understanding that Mr. McCray's criminal history was in large part due to his mental instability, and lack of consistant medication and psychological counseling by a medical provider.

Since Mr. McCray's incarceration on the state charges pending Mr. McCray has been a model inmate, no violence or disciplinary problems, he has been monitored by a medical provider, and has shown he is able to discern right and wrong also given, that the Federal charges have been dismissed, because of Mr. McCray not receiving proper consideration for his condition before imposing such a harsh sentence in the lower court without that court determining if in his previous mental state, they had jurisdiction over him without making or taking into consideration Mr. McCray's constitutional rights not to be prosecuted. Until such a determination of his sanity or ability to understand the consequences of his actions.
Needless to say without properly conducting such a competency hearing he was never afforded the benefit of the doubt, that he may have been delusional when pleading guilty to something he may not have done or in the least would not have done if he was truly aware or cognizant at the time.

3

Clearly even the prosecutor believed, this to some degree as evidenced by his closing statement 2/14/06:
"as best as the court can determine for now, it appears as that Mr. McCray's mental condition deteriorated at some point after the proceedings in Delaware concluded."

The court however can not be certain of that, meanwhile due to Mr. McCray's current situation, the court is not in a position to decide the motion filed in December (2005) accordingly, the pending motion is denied without prejudice to the defendant's refilling the motion after he is restored to competence. Until then the defendant is in Federal custody and delay in considering his motion here will do him no harm and it probably would not do him any harm if his constitutional rights were not deteriorating day by day, considering that by this order on December 28, 2005. The court was aware.

(1) Mr. McCray has no attorney constitutional 6th Amend.
(2) The court has determined at least cursory that he need to be restored to competency, yet no testing or problematic solution was offered by the very same court.

This December 28, 2005 opinion is far more indicative that the court is at least considering that some form of mental incompetency was suffered by Mr. McCray which is a 360° opinion with respect to the order of August 18, 2005.
These diametrically opposed opinions and orders are substantial enough to show that there is with all probability lurking a case of Jurisdiction or lack thereof.
(3) The Federal Court order has determined there has not been a competent defendant in the courts of competent Jurisdiction since Mr. McCray was in elementary school.
Leaving a defendant who has been prosecuted without determining if the court had Jurisdiction and, all indications from the defendants exhibits his incompetency was apparent and expressed to the court of competent Jurisdiction, yet it was overlooked or ignored.

The Federal Court, led by example, that before life and liberty are taken from a individual due process has to be Administered, and Jurisdiction must be determined, then afterward in the interest of Justice render a decision.
Mr. McCray can be a viable member of society, and just needed a little attention, but in this time of decision of his habeas corpus 2254 Motion by the court, he is requesting bail, Return on Recognizance bail (R.O.R.) so that he can be with his cancer ailing mother who also has Alzheimer's Disease and his loving sisters. Whatever restrictions imposed by such bail he will abide by it.
When the decision is made by the court Mr. McCray will return to court.

Respectfully Submitted,

Signed *Kevin M$^c$ Cray*

Prepared By: Terrance Stradford

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN MCCRAY, | ) | |
| | ) | |
| Petitioner. | ) | Affidavit in Support of |
| | ) | Motion for Recognizance |
| v. | ) | or Bail Pending Habeas Corpus |
| | ) | Pursuant to 18 U.S.C. § 3142(b) |
| UNITED STATES DISTRICT | ) | |
| COURT FOR THE DISTRICT | ) | Civil Action No. 07-191.*** |
| OF DELAWARE, | ) | |
| | ) | |
| Respondent. | ) | |

1. KEVIN MCCRAY, the petitioner makes this affidavit in support of the annexed notice of motion.

2. On the 28th day of August 2002, He was convicted of Robbery in the 1.st degree 2.cts (Judge-Fred S. Silverman) and he is presently in the custody of the Monmouth County Correctional Institution pursuant to the judgment and sentence in the case.

3. He believes that the facts of his case warrants issuance of an order securing his release on bail in his own recognizance or a supervisional program or a bail within his mean in accordance to the United States Constitution, Amendment VIII

4. Deponent believes that the habeas corpus has great merit that there is a reasonable possibility of ultimate reversal of the judgment of conviction habeas corpus from. The reasons why said judgment of conviction should be reversed are jurisdictional defect from the court's failure to meet the legal constitutional requirements when accepting a plea bargain, ineffective assistance of counsel in the plea bargaining process, mistaken classification as a predicate felon, and a guilty plea that was not entered voluntarily, knowingly, or intelligently.

5. No previous application has been made for the relief sought herein.

WHEREFORE, KEVIN MCCRAY respectfully prays that an order be entered revoking the order committing him to the custody of Sheriff or Warden of the Monmouth County Correctional Institution and releasing him in his own recognizance pretrial supervisional release program or bail within his means, together with such other and further relief as this court may deem proper and just.

I declare under penalty of perjury that the foregoing is true and correct.

Sworn to before me this
29th day of November 2007

Doreen S. Marty
NOTARY PUBLIC

DOREEN T. MARTY
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 10/24/2010

Respectfully Submitted,

Signed Kevin McCray

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN MCCRAY, | ) | |
| | ) | |
| Petitioner. | ) | Notice of Motion For |
| | ) | Recognizance or Bail |
| v. | ) | Pursuant to 18 U.S.C. § 3142(b) |
| | ) | |
| UNITED STATES DISTRICT | ) | |
| COURT FOR THE DISTRICT | ) | Civil Action No. 07-191.*** |
| OF DELAWARE, | ) | |
| | ) | |
| Respondent. | ) | |

PLEASE TAKE NOTICE, that upon the annexed affidavit of KEVIN MCCRAY, sworn to on the 29 day November 2007 and upon all proceedings in this case, a motion pursuant to section 18 U.S.C. 3142(b) Federal Criminal Procedure is made to this Court for an order revoking the order committing KEVIN MCCRAY to the custody of the [Sheriff or Warden of the Monmouth County Correctional Institution] and releasing KEVIN MCCRAY in his own recognizance or supervisional program or a bail within his means in accordance to the United States Constitution Amendment VIII on the grounds set fourth in the affidavit, and for such other and further relief as to the court may seem just and proper.

Dated November 29, 2007

*Kevin McCray*
Petitioner

To:   Office of the Clerk
      United States District Court
      Lock Box -18/844. King Street
      U.S. Courthouse
      Wilmington, Delaware. 19801

**Prepared By: Terrance Stradford**

1

TABLE OF CONTENTS

Home Address: Kevin McCray
30.Boylan St Newark, N.J. 07106
Family Residence: Mother-Catherine Grayer
Older Sister - Montie McCray King

* Presently Incarcerated: Kevin McCray - Identification #3183799 - Monmouth County Correctional Institution. (M.C.C.I.)  Under Care Of Warden: William J. Fraser - 1.Waterworks Rd Freehold, N.J. 07728

(1) Notice of Motion For Recognizance or Bail
    3 - Copies  (6 - Pages)

(2) Verification of Criminal History of The Commonwealth Of Massachusetts
    3 - Copies  (2 - Pages)

(3) Verification of Monmouth County Correctional Institution - Inmate Account
    3 - Copies  (1 - Page)

**Prepared By: Terrance Stradford**





# The Commonwealth of Massachusetts
## Executive Office of Public Safety
### Criminal History Systems Board
Criminal Justice Information Service
200 Arlington Street, Suite 2200
Chelsea, Massachusetts 02150
Tel: 617-660-4600
TTY Tel: 617-660-4606
Fax: 617-660-4613
www.mass.gov/chsb

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

**Robert C. Haas**
Secretary of Public Safety

**Barry J. LaCroix**
Executive Director

To whom it may concern:

A computerized search has been made of the database of the Criminal History Systems Board, which is the repository for criminal records in the Commonwealth of Massachusetts, for MCCRAY, KEVIN, date-of-birth 05/06/58 and have determined that he or she has no adult criminal court appearances.

Signed under the pains and penalties of perjury this Thirteenth day of November, 2006.

_____
Criminal History Systems Board

Suffolk, ss.
_____
County

Then appeared before me the above-named individual and swore the statements made herein to be true to the best of his or her knowledge and belief.

Dated:  11/13/2006

_____
Notary Public

My commission expires  September 20, 2013

The Commonwealth's Provider of Criminal Justice Information Services



Commonwealth of Massachusetts -- Criminal History Systems Board

No record found in Court Activity Record Information file on CJIS for:

Name:          MCCRAY, KEVIN
DOB:           05/06/58
Today's date:  11/13/2006
Today's time:  13:21

This indicates that there is no record in the Massachusetts Probation Central File Automated Database for this name and date of birth pursuant to your request.

Please check that the name referenced above matches the name and date of birth of the person whose record you requested. IT IS YOUR RESPONSIBILITY TO ENSURE THAT THE RESPONSE CORRESPONDS WITH THE REQUEST. If there is a discrepancy please contact the CORI Unit at (617)660-4640.

Requested by:   PERSN
Completed by:   ##CORI-CWS  0330-CWS

Monmouth County Correctional Institution

Freehold, New Jersey

3|0

Inmate Account Statement    10-11-2007         Page  1

3186793  MCCRAY              XXVIN
MCCI     G-2 113 T

|  | Personal Account | Deposits | Withdrawals | Balance |
|---|---|---|---|---|
| 10-01-2007 | Opening Balance |  |  | 1.05 |
| 10-10-2007 | 0533687317 | 25.00 |  | 26.05 |
| 10-11-2007 | Canteen |  | 25.84 | .21 |
| 10-11-2007 | Closing Balance | 25.00 | 25.84 | .21 |

| Account Summary | Opening | Deposits | Withdrawals | Closing |
|---|---|---|---|---|
|  | 1.05 | 25.00 | 25.84 | .21 |

| Fees Summary | Previous | Paid | Added | Current |
|---|---|---|---|---|
|  | .00 | .00 | .00 | .00 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN MCCRAY,<br>   Petitioner.<br><br>v.<br><br>UNITED STATES DISTRICT<br>COURT FOR THE DISTRICT<br>OF DELAWARE,<br>   Respondent. | )<br>)<br>)  ORDER Granting Motion<br>)  For Release Pending Habeas Corpus<br>)<br>)<br>)  Civil Action No. 07-191.***<br>)<br>) |

### ORDER

Upon consideration of the motion of the petitioner, KEVIN MCCRAY, for Release Pending Habeas Corpus.

The Court finds by clear and convincing evidence that KEVIN MCCRAY is not likely to flee or pose a danger to the safety of any other person or the community if released;

The Court further finds that KEVIN MCCRAY's habeas corpus is not for the purpose of delay, but rather raises substantial questions of law and fact likely to result in reversal or a new trial;

**IT IS ORDERED**, pursuant to 18 U.S.C. §3142(b) that KEVIN MCCRAY is hereby released pending the habeas corpus of the above captioned matter and any order pertaining to imposition of a fine or restitution is stayed pending a determination of KEVIN MCCRAY's habeas corpus by the _____ Circuit.

Signed this _____ day of _____, 2007.

             **ORDERED,**


             _____
             United States District Judge

07-191

DEAR Clerk,

    Please Send Mr. McRay Acknowledgement that you have Recieved his Motion of habeas Corpus.

Thank you For your help and your time.

11/29/07



FILED
DEC 5 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RD scanned